IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NDABEZINHLE MOYO,
   *Plaintiff*,

v.                                        Civil Action No. ELH-12-1857

UNITED STATES OF AMERICA,
   *Defendant*.

**MEMORANDUM**

Ndabezinhle Moyo, the self-represented plaintiff, sued the United States Department of Health and Human Services ("HHS"), seeking relief for wrongs allegedly committed against him by federal agents in connection with his ownership of rental property in Baltimore, Maryland. Subsequently, the United States filed a motion to substitute itself as the defendant, in place of HHS, pursuant to the Federal Tort Claims Act ("FTCA"),[1] and to dismiss the suit for lack of subject matter jurisdiction. *See* Motion to Dismiss (ECF 7). In a Memorandum Opinion and Order issued on February 26, 2013 (ECF 17 & 18), I granted the United States' Motion to Dismiss, in part. In particular, I substituted the United States as the sole defendant, and dismissed the suit for lack of subject matter jurisdiction to the extent that it sounded in defamation, pursuant to 28 U.S.C. § 2680(h) (preserving the United States' sovereign immunity as to defamation claims, despite FTCA's general waiver of sovereign immunity in tort).

The United States had also sought dismissal of the entire suit for failure to comply with the notice requirement of the FTCA, which imposes a requirement to present a tort claim to the

---

[1] The FTCA is codified across several sections of the United States Code, including 28 U.S.C. §§ 1346, 2401, and 2671 to 2680.

"appropriate Federal agency" and for that agency to "finally den[y]" it, as a jurisdictional precondition to suit. 28 U.S.C. § 2675(a). However, I denied the government's Motion to Dismiss on this ground because plaintiff had presented unrebutted evidence tending to show that he had provided notice of his claim to a federal agency and that the claim had been denied, although the record did not contain the actual notice plaintiff had provided; it only contained the agency's response. On this basis, it was not clear whether plaintiff's notice satisfied the FTCA's jurisdictional requirements. Nevertheless, I directed plaintiff to show cause why his claims should not be dismissed for failure to state a claim upon which relief could be granted, because his complaint and information he submitted seemed to indicate that the alleged wrongs for which he sought redress had been performed by agents of a Maryland state agency, the Maryland Department of the Environment ("MDE"), and not by any federal agency.

Plaintiff's time to show cause why his suit should not be dismissed was extended until May 28, 2013, *see* ECF 20, but he has not filed a response to the Court's show cause order. Moreover, on April 2, 2013, the United States filed a Motion for Reconsideration (ECF 21), providing additional evidence in support of its argument that the Court lacks subject matter jurisdiction because plaintiff failed to satisfy the FTCA notice requirement. Plaintiff has not responded to the Motion for Reconsideration, and the time for him to do so has expired. *See* Local Rule 105.2(a); Fed. R. Civ. P. 6(a), (d).

No hearing is necessary to resolve the matters now pending. *See* Local Rule 105.6. For the reasons that follow, I will grant the Motion for Reconsideration and will dismiss the suit for lack of subject matter jurisdiction. In the alternative, dismissal is warranted based on plaintiff's

failure to show cause why his complaint should not be dismissed for failure to state a claim for relief.

**Background**

The factual background of plaintiff's suit was discussed in my earlier Memorandum Opinion and need not be recapitulated here. Suffice it to say that plaintiff's complaint (ECF 1) does not clearly articulate a legal claim. But, affording it the liberal construction to which the pleadings of self-represented litigants are entitled, it appears to allege that agents of the federal Environmental Protection Agency ("EPA") wrongfully harmed the plaintiff in his rental property business by encouraging his tenants to withhold rent due to supposed violations of lead paint regulations at plaintiff's rental properties, despite plaintiff's claim that his properties were in full compliance with all lead paint requirements and other rental housing regulations. It is unclear why plaintiff initially sued HHS, which is not mentioned anywhere in his complaint. Moreover, additional documentation submitted by plaintiff seemed clearly to indicate that the environmental regulatory enforcement activity of which plaintiff complained had actually been conducted by MDE, and not by any instrumentality of the federal government.

In response to the government's earlier Motion to Dismiss, which asserted that HHS had not received any pre-suit notice of plaintiff's claims as required by the FTCA, plaintiff submitted two letters sent to him from the United States Department of Justice ("DOJ"). The first letter, dated April 21, 2011, acknowledged DOJ's receipt from plaintiff of an "administrative tort claim dated March 25, 2011." ECF 11-2 at 1. The second letter, dated January 24, 2012, stated that plaintiff's claim was denied. *See* ECF 11-2 at 2. The second letter referred to plaintiff's claim as

having been submitted on February 15, 2011, although the first letter had referred to a claim submitted on March 25, 2011; the record does not contain an explanation for this discrepancy.

In any event, the United States did not file a reply to plaintiff's response, so as to clarify the nature of the claim that plaintiff had submitted in early 2011 and whether it satisfied the FTCA's notice requirement. I stated that "plaintiff has not submitted a copy of the actual claim that he submitted to DOJ, nor does either letter from DOJ disclose the precise nature of plaintiff's claim," and so I could not "determine whether the claim submitted by plaintiff encompassed the allegations on which he now seeks to sue, or whether his claim was otherwise sufficient." ECF 17 at 9. Accordingly, I ruled: "In the absence of a reply from the government clarifying the issue of FTCA notice in light of the letters to plaintiff from DOJ, I cannot conclude that plaintiff failed to administratively exhaust his claim." *Id.* at 11.

The government has now submitted a copy of plaintiff's administrative tort claim dated March 25, 2011, submitted to DOJ using the optional Standard Form 95 with an accompanying letter. The letter contains many vague and bizarre allegations of a variety of apparently unconnected wrongdoing against plaintiff by several agencies of the federal government. The only portions of the letter that seem to pertain to plaintiff's property rental business are as follows, ECF 21-2 at 6-7:

> Agencies like the EPA came after me like a witch hunt [and] harassed my tenants to default and jump ship.
> 
> \* \* \*
> 
> As for Department of Defense employee so called soldiers allowed to come back from war and feel the right not to pay their rent, destroy property and local police let them go because of having a military ID. Sadly these soldiers will come and be the cause [sic] the USA to self implode from the power, respect, honor they are glorifying till they do not get their way and become the Timothy McVeigh's [sic].

> The HUD, division of the section 8 legal team fraudulently heed evidence of tenants records of payment and persuaded previous landlord to be involved in obstruction of Justice.

**Discussion**

Motions for reconsideration of an interlocutory order are governed by Fed. R. Civ .P. 54(b), under which "any order . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." A district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). Accordingly, resolution of a motion to reconsider an interlocutory order is "committed to the discretion of the district court," *id.* at 515, with "the goal . . . to reach the correct judgment under law." *Netscape Commc'n Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010) (internal citations omitted).

However, the Court's obligation to entertain motions for reconsideration is not unlimited. Local Rule 105.10 provides, with exceptions not applicable here, that "any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order." And, the Court ordinarily "will not grant reconsideration based on omitted evidence" that could have been presented to the Court before it made the interlocutory ruling at issue, unless there are sound reasons to do so. *Paulone v. City of Frederick*, Civ. No. WDQ-09-2007, 2010 WL 3000989, at *3 (D. Md. July 26, 2010).

Here, the government failed to file a reply to plaintiff's response, by which it could have presented to the Court, before the Court delivered the ruling at issue, the matters that the government now raises in its Motion for Reconsideration. Moreover, the government's Motion

for Reconsideration was filed far out of time, over a month after the issuance of the ruling that it asks the Court to reconsider. These lapses are not commendable.

Nevertheless, due to the jurisdictional nature of the FTCA's notice requirement, the Court is obliged to consider the government's Motion for Reconsideration. "Subject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010). Specifically, Fourth Circuit precedent makes clear that compliance with the FTCA's notice requirement is a "key jurisdictional prerequisite to filing suit under the FTCA" that "'may not be waived.'" *Kokotis v. USPS*, 223 F.3d 275, 278 (4th Cir. 2000) (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)); *see also Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994).[2] Indeed, it is a jurisdictional requirement not only that notice of the claim be provided, but also that it be "properly presented" to the appropriate agency. *Kokotis*, 223 F.3d at 278.[3]

---

[2] As this Court has previously observed, although the Supreme Court has, "[i]n several cases over the past decade, . . . 'endeavored . . . to "bring some discipline" to the use of the term "jurisdictional,"' and has 'pressed a stricter distinction between truly jurisdictional rules, which govern "a court's adjudicatory authority," and nonjurisdictional "claim-processing rules," which do not,'" the "Supreme Court has not addressed the character of the FTCA's notice requirement, nor has the Fourth Circuit altered its prior conclusions in light of the Supreme Court's recent cases." *Wilson v. United States*, Civ. No. ELH-11-1205, 2012 WL 1555442, at *5 n.6 (D. Md. April 30, 2012) (quoting and citing Supreme Court cases) (citations omitted). Accordingly, "the circuit precedent holding that the notice requirement is jurisdictional remains controlling." *Id.*

[3] As noted, plaintiff presented his claim to the DOJ, not to the EPA or HHS. In my earlier Memorandum Opinion, I concluded that the fact of presentation to the DOJ, rather than the EPA or HHS, was not necessarily fatal to compliance with the notice provision, because federal regulations require any agency, other than the agency "whose activities gave rise to the claim," that receives notice of an FTCA claim to "transfer [the notice of claim] forthwith to the appropriate agency, if the proper agency can be identified from the claim." 28 C.F.R. § 14.2(b)(1). *See* ECF 17 at 10. In the Motion for Reconsideration, the government contends that the "law does not require the DOJ to burden administrative agencies with . . . facially implausible administrative tort claims." ECF 21-1 at 3. I need not resolve whether DOJ was obligated to forward plaintiff's claim to another agency because, as I shall explain, even if the

Notice of an FTCA claim "must be sufficiently detailed so that the United States can 'evaluate its exposure as far as liability is concerned,'" and must "provide a sufficient factual predicate so that [the] claim can be investigated." *Drew v. United States*, 217 F.3d 193, 198 (4th Cir.) (internal citations and some internal quotation marks omitted), *aff'd en banc by equally divided court*, 231 F.3d 927 (4th Cir. 2000), *cert. denied*, 532 U.S. 1037 (2001). Upon review of plaintiff's pre-suit notice, as submitted by the government, it is clear that plaintiff's claim falls far short of that standard. Even assuming that the facts alleged in plaintiff's complaint otherwise state a claim upon which relief can be granted, and giving the letter submitted with plaintiff's notice of claim an extraordinarily liberal construction, it simply fails to provide facts sufficient to alert any recipient federal agency of the basis of any claim against it.

Notably, there are no allegations as to any specific acts or omissions of federal agents or the dates of any such acts or omissions. There are only vague statements that unidentified federal agents "harassed" plaintiff's unidentified tenants, "fraudulently heed[ed]" the tenants' "evidence of payment," or "allowed" tenants who were service members to "feel the right not to pay their rent" and "destroy property." ECF 21-2 at 6-7. No agency could discern the basis of a claim from these statements. Indeed, although plaintiff's complaint alleges activities performed by the EPA, the letter that accompanied the notice of claim does not even clearly allege that the EPA took any action; rather, it alleges only actions performed by other unspecified "[a]gencies like the EPA." *Id.* at 6.

---

claim had been presented or transferred to the EPA, it does not satisfy the requirement of an adequate notice of claim under the FTCA.

Based on the foregoing, I am abundantly satisfied that plaintiff's notice of claim was insufficient to vest this Court with subject matter jurisdiction. Accordingly, I will grant the government's Motion for Reconsideration and dismiss plaintiff's claims.

In the alternative, plaintiff's failure to respond to the Court's directive to show cause why his complaint should not be dismissed for failure to state a claim is an independently adequate ground for dismissal. In the Court's Order of February 26, 2013 (ECF 18), plaintiff was specifically and directly instructed that failure to respond to the show cause directive "**WILL RESULT IN THE DISMISSAL OF PLAINTIFF'S CLAIMS**." (Emphasis in original.) Plaintiff's time to respond to the show cause directive was extended sixty days beyond the original thirty days plaintiff was afforded to respond. *See* ECF 20. Nevertheless, plaintiff failed to respond. In the absence of a response from plaintiff clarifying the basis of his claims, I would conclude that, even if the Court possessed subject matter jurisdiction, plaintiff's complaint fails to state a claim upon which relief can be granted.

My reasons for this conclusion are fully stated in my Memorandum Opinion of February 26, 2013 (ECF 17). To summarize, plaintiff's allegations and supporting documentation make plain that the agency that took the actions of which plaintiff complains was not the EPA or any other federal agency at all, but rather was the Maryland Department of the Environment, a Maryland state agency.

An Order implementing my ruling follows.

Date: June 6, 2013         /s/
                           Ellen Lipton Hollander
                           United States District Judge